UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAX INNS, INC.,

    Plaintiff,

v.                                                   Case No. 3:16-cv-820-J-39MCR

TOWN OF ORANGE PARK,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2; Motion) filed June 27, 2016. Plaintiff Jax Inns, Inc. ("Jax Inns"), owns the Parkway Inn & Conference Center ("Parkway Inn"), located in Orange Park, Florida ("Orange Park"). (See Doc. 2 at 1). In its Verified Complaint (Doc. 1), Jax Inns brings a claim pursuant to 42 U.S.C. § 1983, arguing that Orange Park "has selectively enforced its Nuisance Ordinance against Jax Inns, in a manner that differs from its enforcement of the ordinance against other similarly situated property owners" and that Orange Park has "violated its right to equal protection under the Fourteenth Amendment to the United States Constitution." (Doc. 1 at 8). In the Motion, Jax Inns asserts that Defendant Orange Park previously "filed a state court lawsuit against Jax Inns" and that, "on June 15, 2016, the state court entered an order enforcing the [Orange Park Nuisance Abatement Board's] decision to shut down the Parkway Inn effective July 1, 2016." (Doc. 2-1 at 9 (citation omitted)). Plaintiff requests injunctive relief in the form of a temporary restraining order and preliminary

injunction "maintaining the status quo and prohibiting Orange Park from shutting down the Parkway Inn on July 1, 2016 . . . ." (Doc. 2-1 at 11).

## I.   APPLICABLE LAW

Rule 65, Federal Rules of Civil Procedure (Rule(s)), as well as Local Rule 4.05, United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of a temporary restraining order. Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." In addition, Local Rule 4.05(b)(3) directs that the "motion should also . . . describe precisely the conduct sought to be enjoined." Local Rule 4.05(b)(4) provides that the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest.

Turning first to Jax Inns' reference to the state court's June 15, 2016, order,[1] the Court notes that, "[t]he Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."[2] Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Nicholson v. Shafe, 558 F.3d 1266, 1268 (11th Cir. 2009) (internal quotation marks omitted) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The Eleventh Circuit has concluded that the doctrine applies when the issues presented to the district court are "inextricably intertwined with the state court judgment so that (1) the success of the federal claim would effectively nullify the state court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." Alvarez v. Att'y Gen. for Fla., 679 F.3d 1257, 1262-63 (11th Cir. 2012) (internal quotation marks and citation omitted).

Pursuant to the Younger abstention doctrine,[3] this Court cannot interfere with pending "civil proceedings involving certain orders that are uniquely in furtherance of the

---

[1] Jax Inns references the state court decision as "Exhibit E" to its Verified Complaint but the record does not include an Exhibit E. (See Doc. 1).

[2] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) (deciding that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings."); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

[3] Younger v. Harris, 401 U.S. 37, 43 (1971) (explaining that a "longstanding public policy against federal court interference with state court proceedings" exists).

state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013) (citation omitted).

**II.   ANALYSIS**

Plaintiff Jax Inns fails to satisfy the requirements for a temporary restraining order.  Two glaring issues involve (1) addressing whether the Court has subject matter jurisdiction or should abstain and (2) the supposed threatened irreparable injury.

**A.   Subject Matter Jurisdiction**

Because Jax Inns seeks an order that would in effect enjoin or reverse the state court's order, the Court questions whether it has jurisdiction. See also Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001) (describing that federal courts are courts of limited jurisdiction).  The Court is unable to discern from the face of the Verified Complaint or the Motion whether Plaintiff's state court action is still pending or is closed.  To the extent that Plaintiff asks this court to review, overturn, or interfere with a state court judgment, this Court likely lacks subject matter jurisdiction over this case under the Rooker-Feldman doctrine.  Preventing the closure of Parkway Inns would essentially nullify the state court ruling that ordered it to close on July 1, 2015.

If the Court otherwise construes Jax Inns' request as an interference with an *ongoing* state court proceeding, then the Younger abstention doctrine applies.  This Court's review of a state court order that requires the closure of a business establishment would affect the state courts' ability to perform their judicial function.  The ongoing state proceeding would potentially allow for Jax Inns to raise its constitutional

challenge to the state-ordered closure of Parkway Inn, thereby obviating the need for this Court to handle Plaintiff's claim for injunctive relief.[4]

### B.    Threatened Irreparable Injury

Jax Inns argues that, "denial of a temporary restraining order and preliminary injunction in this case will result in irreparable harm to Jax Inns" and that "[t]he irreparable harm to Jax Inns in closing the Parkway Inn far outweighs any injury to Orange Park if the Parkway Inn remains open." (Doc. 2-1 at 14-15).

The timing of Plaintiff's Motion militates against the Court granting a temporary restraining order. On June 15, 2016, the state court entered an order to close the Parkway Inn on July 1, 2016. (See Doc. 2-1 at 9). On June 27, 2016, Jax Inns submitted its Verified Complaint and Motion requesting that this Court prevent the closure due to occur in four days. Plaintiff does not offer a reasonable explanation for the delay in filing this Motion. An emergency of Plaintiff's own creation is an inappropriate basis for seeking expedited review and relief. See Plant v. Doe, 19 F. Supp. 2d 1316, 1318 (S.D. Fla. 1998) (disapproving of motions in which the plaintiffs created the emergency situation and sought an expedited review and disposition).

Plaintiff also fails to establish or even address that notice and a hearing would be impractical, impossible, or would result in irreparable injury. Jax Inns also does not set forth what efforts it made to give Orange Park notice of its Motion.

---

[4] Additionally, "[u]nder the Anti-Injunction Act, a district court may not enjoin state proceedings 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" See Arthur v. JP Morgan Chase Bank, 569 F. App'x 669, 678 (11th Cir. 2014) (citing 28 U.S.C. § 2283). Jax Inns does not demonstrate that an exception to the Anti-Injunction Act would apply here.

Moreover, Jax Inns fails to set forth facts in its Verified Complaint or its Motion on which the Court can make a reasoned determination as to the amount of security which must be posted, pursuant to Rule 65(c). See Local Rule 4.05(b)(3)(ii).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED without prejudice**.

2. The Court will construe Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) as a motion for preliminary injunction. That motion for preliminary injunction is **TAKEN UNDER ADVISEMENT**.

3. Plaintiff shall promptly effect service of process on Defendant in accordance with Rule 4, and shall also serve Defendant with a copy of the Motion and all materials filed in support thereof, as well as a copy of this Order.

4. Immediately upon accomplishing service of process, Plaintiff shall file proof of such service in accordance with Rule 4(l).

5. Once Plaintiff has filed proof of service, the Court will set an expedited briefing schedule, as well as a hearing on its motion for preliminary injunction.

6. At the same time they file proof of service, Plaintiff shall file a supplemental memorandum providing the Court with facts on which the Court can make a reasoned determination as to the amount of security which must be posted, in the event a preliminary injunction were to be entered, as required by Rule

- 7 -

65(c). See Local Rules 4.06(b)(1) and 4.05(b)(3)(ii).

**DONE** and **ORDERED** in Jacksonville, Florida this 28th day of June, 2016.

*/s/ Brian J. Davis*
BRIAN J. DAVIS
United States District Judge

ew
Copies furnished to:
Counsel of Record