UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAX INNS, INC.,

      Plaintiff,

v

TOWN OF ORANGE PARK,

      Defendant.

Case No.  3:16-cv-00820-BJD-MCR

District Judge Brian J. Davis

Magistrate Judge Monte C. Richardson

## SUPPLEMENTAL MEMORANDUM REGARDING SECURITY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Jax Inns, Inc. submits this Supplemental Memorandum regarding Security in support of its motion for preliminary injunction, pursuant to the Court's June 28, 2016 Order. *See* Doc. 3, Pg ID 67-68.

## I.    INTRODUCTION

The absence of any recent drug arrests at the Parkway Inn, along with Orange Park Police Department Chief Gary Goble's comments commending the private security firm patrolling the property, demonstrate that $25,000 is sufficient security for entry of a preliminary injunction in this case.

## II.    LAW AND ARGUMENT

Federal Rule of Civil Procedure 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damage sustained by any party found to have been wrongfully enjoined or restrained." "[I]t is well-established that 'the amount of security required

by the rule is a matter within the discretion of the trial court . . . , and the court may elect to require no security at all.'" *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (citation omitted).

Here, the costs or damage which could be sustained by Orange Park if the Parkway Inn remains open would arise from its police department (the "OPPD") having to respond to drug-related activity at the property. Alleged drug-related activity is what prompted Orange Park to declare the Parkway Inn a nuisance in the first place. *See* Verified Compl., ¶¶34-37.

Jax Inns believes it is unlikely the OPPD will have to devote any significant amount of resources responding to alleged drug activity at the Parkway Inn if it remains open. Jax Inns is aware of only a single incident having occurred since the beginning of this year where the OPPD made an arrest at the property based on a guest possessing or selling drugs, and that incident occurred in February and involved a guest referred by a local church. *See id.,* ¶35. For months now, the property has been patrolled around the clock by a private security firm. Chief Goble stated at the November 16, 2015 meeting of the Orange Park Nuisance Abatement Board that "[t]he private security company has done a great job" and "the facility does not need constant police presence as long as the private security firm is on site." *See id.,* Ex. B, p. 2. Chief Goble also noted that OPPD has access to the Parkway Inn's security camera system. *Id.,* p. 3.

Given the absence of any recent drug arrests at the Parkway Inn and the 24-hour-a-day, seven-day-a-week coverage of the property by a private security company, Jax Inns does not believe any security for a preliminary injunction is needed. *See, e.g., Harris v. Hous. Auth. of City of Daytona Beach*, No. 6:01-cv-254, 2001 WL 36404273, at *5 (M.D. Fla. Apr. 25, 2001) (concluding that no bond was required where preliminary injunction would result in minimal potential harm to the defendant). However, in an effort to further demonstrate its continued

commitment to preventing crime at the Parkway Inn, Jax Inns has deposited $25,000 into its counsel's trust account to serve as security for a preliminary injunction in any such fashion as the Court may direct.

The private security company currently patrolling the Parkway Inn costs about $18 per hour, or roughly $13,000 per month. Previously, at the Nuisance Abatement Board's request and until the board agreed it was no longer necessary, Jax Inns had arranged for off-duty police officers to patrol the Parkway Inn around the clock at a cost of about $33 per hour. The monthly cost of that coverage was approximately $24,000. Thus, security of $25,000 is sufficient to pay for either (a) almost two full months of around-the-clock private security guard service at the Parkway Inn, or (b) more than one month of around-the-clock off-duty police presence at the property. If permitted to remain open, Jax Inns will continue to pay for one type of security or the other. It will post $25,000 originally and replenish that amount if necessary to guarantee prompt payment for the services of private security or off-duty police officers at the property during the pendency of this case.

### III.   CONCLUSION

In a variety of cases, judges in this district have approved $25,000 as security in granting preliminary injunctions. *See Cabral v. Olsten Corp.* 843 F.Supp. 701, 704 (M.D. Fla. 1994); *Nane Jan, LLC v. Seasalt and Pepper, LLC*, No. 2:14–cv–208–FtM–29CM, 2014 WL 5177655, at *8 (M.D. Fla. Oct. 14, 2014); *Intrepid Global Imaging 3D, Inc. v. Athayde*, No. 3:07-cv-1106-J-33HTS, 2007 WL 4403353, at *1 (M.D. Fla. Dec. 13, 2007); *World Triathlon Corp., Inc. v. SRS Sports Center SDN.BHD*, No. 804CV1594T24TBM, 2005 WL 3445526, at *4 (M.D. Fla. Dec. 14, 2005). Similarly, security of $25,000 in this case is sufficient to protect Orange Park's

interests going forward if a preliminary injunction is entered allowing the Parkway Inn to remain open.

Respectfully submitted,

*Attorneys for Plaintiff*

DANIEL M. COPELAND, ATTORNEY AT LAW, P.A.

By:  /s/ Daniel M. Copeland
      Daniel M. Copeland, Esq.
      Florida Bar Number: 621595
      9310 Old Kings Road South, Suite 1501
      Jacksonville, FL  32257
      (904)482-0616
      (904)482-0618 (fax)
      dcopeland@dmcopelandlaw.com
      scopeland@dmcopelandlaw.com
      pleadings@dmcopelandlaw.com

and

VARNUM LLP

By:  /s/ Bradley S. Defoe
      Bradley S. Defoe, Esq.
      Michigan Bar Number:  P70233
      39500 High Pointe Blvd., Suite 350
      Novi, MI  48375
      (248) 567-7400
      (248) 567-7423 (fax)
      bsdefoe@varnumlaw.com

Dated:  June 29, 2016

10700469_1.docx